IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 03-00168-KD-B |
| ) | |
| PATRICK THOMPSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on remand and vacatur from the Court of Appeals for the Eleventh Circuit (doc. 289). Previously, the Court denied Defendant Patrick Thompson's (Thompson) motion for relief under § 404 of the First Step Act (docs. 277, 283). Thompson appealed the decision (doc. 285). The Eleventh Circuit vacated the order and remanded the motion "for further proceedings consistent with [United States v. Jones, 962 F.3d 1290 (11th Cir. 2020)]." (doc. 289 at 1). The Eleventh Circuit also instructed that on "remand, the district court should consider Thompson's request for appointment of counsel in the first instance." (Id. at 2).

In accordance with the remand, the Court considered Thompson's request for appointment of counsel, appointed counsel, and set a briefing schedule on Thompson's motion (doc. 290). The parties filed their briefs (docs. 295, 296, 297). The Court ordered supplemental briefing and the parties filed their respective supplements (docs. 298, 301, 302, 303, 304).[1]

Accordingly, upon consideration, and for the reasons set forth herein, Thompson's motion (doc. 277) is GRANTED in part and his sentence as to Counts One and Three is reduced to 240 months. The motion is DENIED as to Counts Two and Four.

---

[1] Thompson's motions to supplement (Docs. 303, 304) are GRANTED.

I. Background

Thompson was originally indicted on July 31, 2003 (doc. 13). The Indictment was superseded in October 2003 and Thompson was tried in February of 2004. The Court declared a mistrial (doc. 86, Order on jury trial).

Before the second trial, the Indictment was superseded for a second time (doc. 93, Second Superseding Indictment). In Count One, Thompson was charged with conspiracy to possess with intent to distribute more than 200 grams of crack cocaine. In Count Two, he was charged with conspiracy to possess with intent to distribute more than one kilogram of cocaine. In Count Three, he was charged with possession with intent to distribute more than 200 grams of crack cocaine. In Count Four, he was charged with possession with intent to distribute more than one kilogram of cocaine. The same time frame was alleged for all four counts. Specifically, "[b]eginning in June 2001 and continuing through August 5, 2003" (doc. 93). He was also charged with obstruction of justice in Counts Five and Six. Count Seven sought forfeiture.

Counts One and Three subjected him to the penalty provisions of 21 U.S.C. § 841(b)(1)(A) and Counts Two and Four subjected him to the penalty provisions of 21 U.S.C. § 841(b)(1)(B). The United States filed a notice of intent to seek enhanced sentence pursuant to 21 U.S.C. § 851(a) on basis that Thompson had a prior qualifying felony drug conviction (doc. 115). As to Count One and Count Three (crack cocaine), the enhanced statutory penalty was a minimum mandatory sentence of 20 years to life, as opposed to 10 years to life. As to Counts Two and Four (powder cocaine), the enhanced statutory penalty was a minimum mandatory sentence of 10 years to life, as opposed to 5 to 40 years. Counts Five and Six were subject to a statutory maximum of 240 months.

In May 2004, Thompson was tried again and convicted as to all Counts (doc. 126, Order on jury trial). At trial, the jury found Thompson conspired to distribute and possessed with intent to distribute 50 grams or more of cocaine base (Counts One and Three) (doc. 128, p. 9; doc. 175-1, p. 100-101, Trial Transcript). The jury also found Thompson conspired to distribute and possessed with intent to distribute 500 grams or more but less than 5 kilograms of cocaine (Counts Two and Four) (Id.). He was also convicted of obstruction of justice (Counts Five and Six) (Id.). The forfeiture was resolved on consent to forfeit $150,000. (Count Seven) (Id., p. 506-507).

Thompson was sentenced August 25, 2004. He was held responsible for 217 grams of crack cocaine and 1.5 kilograms of cocaine which yielded a marijuana equivalency of 1,074.907 (doc. 278, p.16, Presentence Investigation Report). His total offense level was 40, and with a criminal history category of V, his sentencing guidelines range was 360 to life. (Id.) He was sentenced to a total term of 480 months. The sentence consisted of 480 months each as to Counts One, Two, Three and Four and 240 months each as to Counts Five and Six, all to serve concurrent (doc. 145).

The Eleventh Circuit affirmed Thompson's convictions. However, the Eleventh Circuit found a Sixth Amendment violation occurred with respect to the firearm enhancement when calculating the then mandatory United States Sentencing Guidelines. The Eleventh Circuit vacated Thompson's sentence and remanded for the limited purpose of permitting the "district court to determine what sentence is reasonable and appropriate after considering the now-advisory Sentencing Guidelines range and the factors set forth in 18 U.S.C. § 3553(a)" (doc. 188, p. 17, n. 5). On January 16, 2007, Thompson was re-sentenced to the same terms of imprisonment (doc. 211). His sentence was affirmed on appeal (doc. 222).

In 2015, Thompson moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782[2] to the United States Sentencing Guidelines (doc. 262). Based on the revised guidelines, his base offense level was recalculated as 30, which resulted in a total offense level of 36. With a criminal history category of V, his amended guidelines range for Counts 1 through 4 was 292 to 365 months (doc. 264 at 1). His sentence of 480 months as to each of the four drug convictions was reduced to 328 months. His sentence of 240 months for the obstruction of justice counts was unchanged. Thus, Thompson's total term of imprisonment was reduced from 480 months to 328 months (concurrent) (docs. 267, 268).

In February 2019, Thompson filed a motion for appointment of counsel which the Court construed as a motion for relief pursuant to § 404(b) of the First Step Act of 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (doc. 277). His guidelines range remained the same but his statutory minimum for the crack cocaine convictions, Counts One and Three, with the enhancement for a prior conviction, was reduced to ten years to life.

The Court denied his motion (doc. 283). In May 2021, the Eleventh Circuit vacated this Court's order and remanded for review in light of its decision in <u>Jones</u>, 962 F.3d 1290, and also for this Court to "consider Thompson's request for appointment of counsel in the first instance." (doc. 289 at 1-2). Upon consideration, the Court appointed counsel (docs. 277, 290). The parties then submitted briefs and supplemental briefs (docs. 295, 296, 297, 301, 302, 303, 304).

II. **Analysis**

---

[2] Amendment 782 reduced, generally by two levels, certain offense levels assigned in the Drug Quantity Tables at U.S.S.G. § 2D1.1, which resulted in lower guideline ranges for many drug trafficking offenses. Amendment 782 was incorporated into the 2014 Sentencing Guidelines and given retroactive effect by the Sentencing Commission. *See* 79 Fed. Reg. 44973-01, 2014 WL 3749936 (F.R.) (Aug. 1, 2014).

In United States v Jones, the Eleventh Circuit explained that under the First Step Act, "[t]o be eligible for a reduction, the district court must have "imposed a sentence" on the movant for a "covered offense." Jones, 962 F.3d at 1298. The Eleventh Circuit also explained that after deciding a defendant is "eligible," the district court has discretion to determine if a reduction is warranted. Id. at 1304.

The parties do not dispute, and the Court agrees, that Thompson's two convictions for crack cocaine offenses (Counts One and Three) are "covered offenses" because the Fair Sentencing Act "increased the quantity of crack cocaine necessary to trigger the higher penalties in subsections (b)(1)(A)(iii) and (B)(iii)" Jones, 962 F.3d at 1297, and that Thompson is eligible for consideration of sentence reduction under the First Step Act ((docs. 295, 297). The Fair Sentencing Act modified the statutory penalties for offenses involving less than 280 grams of crack cocaine. The jury found Thompson's crack cocaine offenses involved greater than 50 grams. At sentencing, this Court determined Thompson was accountable for 217 grams of crack cocaine. With the enhancement for a prior conviction,[3] the original statutory penalty for Thompson's crack cocaine offenses was 20 years to life. 21 U.S.C. § 841(b)(1)(A)(iii) (1994).[4] With application of the Fair Sentencing Act "as if" it had been applicable at sentencing, his statutory penalty is now 10 years to life. 21 U.S.C. § 841(b)(1)(B)(iii) (2010); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404(b).

---

[3] Thompson incorrectly states that his statutory penalty for a drug quantity of 217 grams of crack cocaine was originally 10 years to life and that the range after the First Step Act allowed the Fair Sentencing Act to be applied as if it had been in effect, would be 5 to 40 years (doc. 295, p. 6). Those statutory sentencing ranges apply to a person without any prior final convictions for either a serious drug felony or serious violent felony. Thompson had one prior serious drug felony conviction.

[4] At that time, a quantity exceeding 50 grams triggered a higher statutory penalty. Now, a quantity exceeding 280 grams is necessary to trigger the higher statutory penalty.

5

However, Thompson's convictions for the two powder cocaine offenses are not "covered offenses" under the First Step Act. Thus, even if the Court reduces his sentence for the two crack cocaine convictions, Thompson still must serve the remainder of his 328-month sentence as to the powder cocaine convictions. See United States v. Denson, 963 F. 3d 1080, 1089 (11th Cir. 2020) (… in ruling on a defendant's First Step Act motion, the district court (1) is permitted to reduce a defendant's sentence only on a 'covered offense' and only 'as if' sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense, and (2) is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3, to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3, or to change the defendant's sentences on counts that are not 'covered offenses.' In short, the First Step Act does not authorize the district court to conduct a plenary or de novo resentencing.") (citations omitted).

The Court is not persuaded by Thompson's argument that the decision in United States v. Taylor, 982 F. 3d 1295 (11th Cir. 2020) applies and authorizes the Court to reduce the sentences for the powder cocaine convictions (doc. 301).  In Taylor, the defendant was charged with one count of conspiracy to possess with intent to distribute controlled substances. Specifically, that the conspiracy involved powder cocaine and crack cocaine. 982 F. 3d at 1297.  The Eleventh Circuit acknowledged that the question before it in Taylor, was "whether the First Step Act's definition of 'covered offense' covers a multidrug conspiracy offense that includes *both* a crack-cocaine element *and* another drug-quantity element.  We hold that it does." Taylor, 982 F. 3d at 1301.  However, the Eleventh Circuit also stated that

> We made clear in Jones that a defendant sentenced for a pre-2010 drug-trafficking conspiracy involving only crack cocaine has a "covered offense" if the crack-cocaine element of his offense triggered the statutory penalties in § 841(b)(1)(A)

> or (B). *And it is equally clear that a drug-trafficking offense involving only powder cocaine would not be a covered offense.*

982 F. 3d at 1299 (citing Jones, 962 F. 3d at 1298, 1300-1302) (emphasis added).

Thompson was not charged with a conspiracy involving crack cocaine and powder cocaine in a single count. Instead, the powder cocaine offenses were charged in separate counts. Specifically, in Count Two he was charged with conspiracy to possess with intent to distribute more than one kilogram of cocaine. In Count Four, he was charged with possession with intent to distribute more than one kilogram of cocaine.

Thompson argues that because the time frame is the same for Counts Three and Four – "on or about July 14, 2003" and the same for Counts One and Two – "Beginning in June of 2001 and continuing through August 5, 2003", and because these time frames overlap, Counts Two and Four are also "covered offenses." (doc. 301). The overlapping and concurrent time frames do not change the fact that Thompson was charged, convicted, and sentenced separately as to each of the four counts, that each count charged a distinct drug element, and subjected Thompson to separate penalties. The Court has been unable to find any Eleventh Circuit opinion holding that concurrent or overlapping time frames are sufficient to render separately charged offenses, which do not contain a crack cocaine element, as "covered offenses" under the First Step Act.

Thompson also argues that he is entitled to resentencing for his powder cocaine convictions under the "sentencing package doctrine" (doc. 301). However, the Eleventh Circuit has found that the doctrine does not apply. In United States v. Baptiste, 834 Fed. Appx. 547 (11th Cir. 2020), Baptiste was charged, convicted, and sentenced for four counts involving cocaine and one count involving cocaine base or crack cocaine. The Eleventh Circuit found that

7

> We conclude—as Baptiste himself did—that Counts 1, 23, 24, and 26 are powder-cocaine offenses. Neither §§ 2 nor 3 of the Fair Sentencing Act modified statutory penalties for offenses involving powder cocaine. Therefore, Counts 1, 23, 24, and 26 do not constitute "covered offenses" under the First Step Act, and the district court properly concluded that it lacked authority to modify the sentences for those powder–cocaine counts.

Baptiste, 834 Fed. Appx. at 550.  The Eleventh Circuit further found that

> Baptiste also contends that his "original sentence was a package of interconnected sanctions under the 'sentencing package doctrine' "—meaning that the "district court should have addressed the overall sentence imposed and considered the change in available punishments that resulted" from the First Step Act. The sentencing-package doctrine recognizes that "especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence[.]" United States v. Fowler, 749 F.3d 1010, 1015 (11th Cir. 2014). Although we have applied the sentencing-package doctrine in some instances, district courts still "lack[ ] the inherent authority to modify a term of imprisonment" except "to the extent that a statute expressly permits." Jones, 962 F.3d at 1297. This Court has emphasized that the relevant statute here, the First Step Act, "does not authorize the district court to conduct a plenary or de novo resentencing." United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020). Accordingly, the sentencing-package doctrine is of no use to Baptiste.

Baptiste, 834 Fed. Appx. at 550.  Thus, no relief is available for Thompson under the sentencing package doctrine. See United States v. Files, 2021 WL 3463784, at *4 (S.D. Ala. Aug. 5, 2021) ("The fundamental problem with this line of argument as applied to Files' case is that, as previously noted, 'the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule.' . . . Section 404 of the First Step Act authorizes sentence modification only for 'covered offenses.' Powder-cocaine offenses that lack a crack-cocaine element are unquestionably not 'covered offenses'; therefore, the First Step Act does not authorize this Court to modify the sentences imposed for Counts 1, 11 and 65. There being no express statutory permission for this Court to modify Files' sentences for non-covered offenses,

the sentencing-package doctrine has no application here because there is no judicial authority to do what Files requests.") (internal citations omitted) (citations omitted).

The Court looks next to whether Thompson's sentences for the crack cocaine convictions should be reduced. In Jones, the Eleventh Circuit stated as follows:

> The First Step Act states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). District courts have wide latitude to determine whether and how to exercise their discretion in this context. In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors.

Jones, 962 F.3d at 1304 (citing 18 U.S.C. § 3553(a); United States v. Allen, 956 F.3d 355, 357 (6th Cir. 2020)). The § 3553(a) statutory sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Thompson contends he "has shown that his efforts at real rehabilitation have been facilitated by his 18 years in prison and that the § 3553(a) factors support a sentence reduction at this date." (Doc. 295 at 10). Specifically, Thompson states a "reduction in sentence from 328 months to 240 months is still a substantial and sufficient sentence." (Id. at 7). Thompson notes he has been in federal custody for 18 years. (Id.). He acknowledges the seriousness of his offense

9

and highlights that he has accepted responsibility for his crimes and expressed "genuine personal remorse for his inexcusable" actions. (Id.).

As to promoting respect for the law, Thompson maintains that a 240-month sentence achieves that purpose. (Id.). Next, Thompson contends he has been punished by being in prison for 18 years, being exposed to and catching COVID-19, and by missing out on family connection while incarcerated. (Id.). Thompson's mother, sister and grandmother have passed awhile while he's been in prison; he acknowledges this was a result of his own doing. (Id.). Thompson asserts that "his inability to participate in their lives before their deaths is additional and real punishment for" him. (Id.).

As to factors 3 and 4, Thompson states that serving 240 months is adequate deterrence, as is the 8-year term of supervised release; he stresses new criminal conduct is unlikely though given his rehabilitative record. (Id. at 8). Thompson submits that his continued rehabilitation would best occur in an employment setting, with his family. (Id.). He lists the numerous classes he's taken while incarcerated and points out that he has had one, nonviolent disciplinary incident in the 18 years he has been incarcerated. (Id. at 8-9). As to his release plan, Thompson reports that he will live with his wife Christina and his cousin owns a gym and is willing to employ Thompson when he is released. (Id.). Thompson also submits character letters from his wife, daughters, friends and family, and his personal letter to the Court (doc. 304-1).

The United States responds that while Thompson is eligible for relief, the Court should exercise its discretion and decline to reduce his sentence because Thompson's criminal history outweighs his "asserted remorse and rehabilitation." (doc. 297 at 17). The United States details Thompson's extensive criminal history, pointing out that Thompson had been convicted in federal district court in 1992 as a "felon in possession of a firearm (a nine-millimeter semi-

automatic machine-gun style pistol)", that Thompson served a 59-month prison and completed a three-year term of supervised release (doc. 297 at 6-7). Specifically, that during supervision, Thompson was arrested three times,[5] and then, approximately five months after completing his term of supervision, he organized and led the drug conspiracy which resulted in the instant convictions (Id.).

The United States also points out the district court's opinion, expressed at the sentencing hearing, that Thompson posed a substantial danger to the public and finding that 480 months followed by ten years of supervision was an appropriate punishment (Id. at 8). And that after Thompson's sentence was vacated on appeal, the district court reimposed the same sentence, explaining that Thompson had "been punished . . . over and over again" and had "appeared before judge after judge after judge" (Id. at 8-9). Thus, according to the United States, "Thompson's 328-month sentence properly reflects the goals of sentencing and accounts for the crimes he committed and his history and characteristics. It should remain unchanged." Id. at 19.

Upon consideration of the foregoing, and the relevant factors in 18 U.S.C. § 3553(a),[6] the Court finds that a reduced sentence is appropriate. The Court has specifically considered the "nature and circumstances" of Thompson's offenses and his "history and characteristics." 18 U.S.C. § 3553(a)(1). The Court has also considered the need for the sentence to reflect the seriousness of the offenses, "to promote respect for the law", "to provide just punishment for the

---

[5] All three actions were dismissed, and no violation of supervised release was initiated (doc. 152, p. 17).

[6] See United States v. Collins, 860 F. Appx. 642, 649–50 (11th Cir. 2021) ("[W]e have since clarified that the First Step Act 'does not mandate consideration of the § 3553(a) sentencing factors,' although the court 'may consider the § 3553(a) factors, as well as the probation office's submissions, post-sentence rehabilitation, post-imprisonment rehabilitation, or any other relevant facts and circumstances.' The court need only explain its determination in a manner that permits meaningful appellate review.") (internal citation omitted).

11

offense;" to adequately deter criminal conduct; and "to protect the public from further crimes" by Thompson. 18 U.S.C. § 3553(a)(2)(A), (B) & (C).  The Court has also considered the purpose behind § 404 of the First Step Act.[7]  And, Thompson's post-sentencing conduct. The Court finds that the sentence of 240 months is an appropriate sentence as to Counts One and Three.  See Jones, 962 F. 3d at 1305 (First Step Act does not bar the district courts from reducing a sentence below the revised guidelines range).

### III. Conclusion

Upon consideration, and as set forth herein, Thompson's motion for relief pursuant to the First Step Act (doc. 277) is GRANTED in part and his sentence as to Counts One and Three is reduced to 240 months. The motion is DENIED as to Counts Two and Four.

**DONE** and **ORDERED** this the 7th day of February 2022.

 s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[7] The Fair Sentencing Act changed the threshold amounts that triggered mandatory minimum sentences to reduce the disparity between powder cocaine and crack cocaine offenses. These amended penalties though were not retroactively applicable to defendants sentenced on or before the Fait Sentencing Act's effective date, August 3, 2010. Dorsey v. United States, 567 U.S. 260, 264 (2012). Section 404 of the First Step Act made sections 2 and 3 of the Fair Sentencing Act retroactive, "as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed" Pub. L. No. 115-391, 132 Stat. 5194.