IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 03-00168-KD-B |
| ) | |
| PATRICK THOMPSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Defendant Patrick Thompson's Supplemental Motion for Compassionate Release (doc. 320) and Supplement (doc. 321).  At the time Thompson signed and mailed his Supplemental Motion, his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(a)(1)(A)(i) was pending before the Court.  That motion was denied on February 27, 2023 (doc. 319) and the Supplemental Motion was received and docketed on March 3, 2023.  The Supplement was received and docketed on March 17, 2023.  Accordingly, the Court construes Thompson's Supplemental Motion and Supplement as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(a)(1)(A)(i). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.[1]

---

[1] Thompson's request for appointment of counsel is denied (doc. 320, p 14; doc. 321, p. 2). Thompson does not have a constitutional or statutory right to counsel in a § 3582(c)(1)(A) proceeding "[a]s a result, 'the decision to appoint an attorney is left to the discretion of the district court.'" United States v. Rolon, 2022 WL 16959204 (11th Cir. Nov. 16, 2022) (unreported opinion) (quoting United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009)) (addressing the right to counsel in the context of a 18 U.S.C. § 3582(c)(2) motion and finding that the district court may appoint counsel to a financially eligible person if it finds that the interests of justice so require); United States v. Cain, 827 Fed. Appx. 915 (11th Cir. 2020) (discussing Webb and finding the district court's denial of counsel in a § 3582(c)(1)(A) proceeding was not an abuse its discretion).  To determine whether the interests of justice require appointment of counsel, the Court may consider factors such as whether the grounds for the motion are so factually and legally complex or exceptional as to warrant appointment of counsel,

I.  Background

Thompson was originally indicted on July 31, 2003 (doc. 13).  The Indictment was superseded in October 2003 and Thompson was tried in February of 2004.  The Court declared a mistrial (doc. 86, Order on jury trial).  Before the second trial, Thompson was indicted in a Second Superseding Indictment (doc. 93).  In Count One, Thompson was charged with conspiracy to possess with intent to distribute more than 200 grams of crack cocaine. In Count Two, he was charged with conspiracy to possess with intent to distribute more than one kilogram of cocaine.  In Count Three, he was charged with possession with intent to distribute more than 200 grams of crack cocaine.  In Count Four, he was charged with possession with intent to distribute more than one kilogram of cocaine.  He was also charged with obstruction of justice in Counts Five and Six. Count Seven sought forfeiture.

Counts One and Three (crack cocaine) subjected him to the penalty provisions of 21 U.S.C. § 841(b)(1)(A) and Counts Two and Four (powder cocaine) subjected him to the penalty provisions of 21 U.S.C. § 841(b)(1)(B).  The United States filed a notice of intent to seek enhanced sentence pursuant to 21 U.S.C. § 851(a) on basis that Thompson had a prior qualifying felony drug conviction (doc. 115).  As to Count One and Count Three (crack cocaine), the enhanced statutory penalty was a statutory minimum sentence of 20 years to life, as opposed to 10 years to life.  As to Counts Two and Four (powder cocaine), the enhanced statutory penalty

---

whether the defendant is capable of presenting the facts or argument, and the merits of defendant's argument, as well as other equitable concerns that may in the interests of justice require appointment of counsel. United States v. Cain, 827 Fed. Appx. at 921 (citing Webb, 565 F. 3d at 195 n.4).  The Court has considered these factors and finds that they do not weigh in favor of appointment of counsel.

was a statutory minimum sentence of 10 years to life, as opposed to 5 to 40 years. Counts Five and Six were subject to a statutory maximum of 240 months.

In May 2004, Thompson was tried and convicted as to all Counts (doc. 126). At trial, the jury found that he conspired to distribute and possessed with intent to distribute 50 grams or more of crack cocaine (Counts One and Three) (doc. 128, p. 9; doc. 175-1, p. 100-101, Trial Transcript). The jury also found Thompson conspired to distribute and possessed with intent to distribute 500 grams or more but less than 5 kilograms of powder cocaine (Counts Two and Four) (Id.). He was also convicted of obstruction of justice (Counts Five and Six) (Id.).

Thompson was sentenced August 25, 2004. He was held responsible for 217 grams of crack cocaine and 1.5 kilograms of cocaine (doc. 278, p.16, Presentence Investigation Report). His total offense level was 40, and with a criminal history category of V, his sentencing guidelines range was 360 to life. (Id.) He was sentenced to a total term of 480 months consisting of 480 months each as to Counts One, Two, Three and Four and 240 months each as to Counts Five and Six, to serve concurrent (doc. 145).

In May 2006, the Eleventh Circuit affirmed Thompson's convictions. However, the Eleventh Circuit found a Sixth Amendment violation occurred as to the firearm enhancement. The Eleventh Circuit vacated Thompson's sentence and remanded for the limited purpose of permitting the "district court to determine what sentence is reasonable and appropriate after considering the now-advisory Sentencing Guidelines range and the factors set forth in 18 U.S.C. § 3553(a)" (doc. 188, p. 17, n. 5). On January 16, 2007, Thompson was re-sentenced to the same terms of imprisonment (doc. 211). His sentence was affirmed on appeal (doc. 222).

In 2015, Thompson moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782[2] to the United States Sentencing Guidelines (doc. 262). Based on the revised guidelines, his base offense level was recalculated as 30, which resulted in a total offense level of 36. With a criminal history category of V, his amended guidelines range for Counts 1 through 4 was 292 to 365 months (doc. 264 at 1). His sentence of 480 months as to each of the four drug convictions was reduced to 328 months. His sentence of 240 months for the obstruction of justice counts was unchanged. Thus, Thompson's total term of imprisonment was reduced from 480 months to 328 months (concurrent) (docs. 267, 268).

In February 2019, Thompson filed a motion for appointment of counsel which the Court construed as a motion for relief pursuant to § 404(b) of the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, § 404(b) (doc. 277). The Court denied his motion (doc. 283). In May 2021, the Court of Appeals for the Eleventh Circuit vacated this Court's order and remanded for review based on its decision in United States v Jones, 962 F.3d 1290 (11th Cir. 2020), and for this Court to "consider Thompson's request for appointment of counsel in the first instance." (doc. 289 at 1-2). The Court appointed counsel (docs. 277, 290). The parties then submitted briefs and supplemental briefs (docs. 295, 296, 297, 301, 302, 303, 304).

In United States v Jones, the Eleventh Circuit explained that under the First Step Act, "[t]o be eligible for a reduction, the district court must have "imposed a sentence" on the movant for a "covered offense." Jones, 962 F.3d at 1298. The Eleventh Circuit also explained that after deciding a defendant is "eligible," the district court has discretion to determine if a reduction is

---

[2] Amendment 782 reduced, generally by two levels, certain offense levels assigned in the Drug Quantity Tables at U.S.S.G. § 2D1.1, which resulted in lower guideline ranges for many drug trafficking offenses. Amendment 782 was incorporated into the 2014 Sentencing Guidelines and given retroactive effect by the Sentencing Commission. *See* 79 Fed. Reg. 44973-01, 2014 WL 3749936 (F.R.) (Aug. 1, 2014).

warranted. Id. at 1304.  On remand, the parties did not dispute, and the Court agreed, that Thompson's two convictions for crack cocaine offenses were "covered offenses" because the Fair Sentencing Act "increased the quantity of crack cocaine necessary to trigger the higher penalties in subsections (b)(1)(A)(iii) and (B)(iii)" Jones, 962 F.3d at 1297, and that he was eligible for consideration of a sentence reduction under the First Step Act (docs. 295, 297).

The Court determined that the Fair Sentencing Act, made retroactive by the First Step Act, modified the statutory penalties for offenses involving less than 280 grams of crack cocaine. With the enhancement for a prior conviction, the original statutory penalty for Thompson's crack cocaine offenses was 20 years to life.  21 U.S.C. § 841(b)(1)(A)(iii) (1994).[3]  With application of the Fair Sentencing Act "as if" it had been applicable at sentencing, his statutory penalty for the two crack cocaine offenses was 10 years to life. 21 U.S.C. § 841(b)(1)(B)(iii) (2012); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404(b).  The Court reduced Thompson's sentence for his crack cocaine convictions to 240 months (doc. 305).

However, the Court found that his convictions for the two powder cocaine offenses were not "covered offenses" under the First Step Act. The Court explained that even though his sentence for the crack cocaine convictions was reduced, he still must serve the remainder of his 328-month sentence as to the powder cocaine convictions (Id.).

Thompson filed a notice of appeal (doc. 306). Later, he filed a motion to dismiss in the Court of Appeals and the motion was granted (doc. 318).

Thompson filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) alleging that extraordinary and compelling reasons exist for a reduction of his

---

[3] At that time, a quantity exceeding 50 grams triggered a higher statutory penalty.  After the First Step Act made the Fair Sentencing Act retroactive to certain covered offenses, a quantity exceeding 280 grams is necessary to trigger the higher statutory penalty.

sentence (doc. 309).  He also filed letters in support, including an offer of employment as a personal fitness trainer (docs. 312-317).  The motion was denied (doc. 319). The Court found that Thompson's grounds for a reduction of sentence were not consistent with the applicable Policy Statement U.S.S.G. § 1B1.13.   Thompson argued there was a sentencing disparity between the sentence he received and the sentence he would receive if he were sentenced after the First Step Act, and this disparity was an extraordinary and compelling reason for a reduction of his sentence.  However, the Court found that the section of the First Step Act which Thompson referenced, did not apply to him,[4] and that the Court of Appeals for the Eleventh Circuit had held that such sentencing disparities cannot be considered extraordinary and compelling reasons for compassionate release.  Thompson also argued that his obesity and prediabetes, which he alleged placed him at high risk of serious illness or death should he contract Covid 19, combined with the consequent exposure to Covid 19 in the prison environment established extraordinary and compelling reasons for compassionate release.  The Court found that Thompson failed to support his argument because he did not provide any medical evidence of obesity and prediabetes and at that time only four inmates out of approximately 3,900 inmates had tested positive for Covid 19.

At present, Thompson is incarcerated at FCI Fort Dix in New Jersey.  He is now 53 years old and has served approximately 21 years in prison. (doc. 309, p. 21).  His release date is December 6, 2025.  At present, no inmate or staff member has Covid 19. The facility is at Level

---

[4] Thompson argued that 21 U.S.C. § 841(b)(1)(A) applied and that the First Step Act of 2018 lowered the statutory minimum from 20 years to 15 years. However, that statute no longer applied to Thompson because of retroactive application of the Fair Sentencing Act, which lowered the quantity of crack cocaine necessary to invoke the penalty provisions of 21 U.S.C. § 841(b)(1)(A).  Thompson is now subject to the penalty provisions in 21 U.S.C. § 841(b)(1)(B), and his statutory minimum penalty is now 10 years to life (doc. 319, p. 8-9).

One Operations, the least restrictive level for Covid 19 precautions. (BOP Covid 19 Statistics) (last visited September 1, 2023). https://www.bop.gov/coronavirus/covid19_statistics.html

II.  Statement of the law

The Court does not possess inherent authority to modify a sentence. Instead, Congress has created limited statutory grounds for modification. See 18 U.S.C. § 3582(c); United States v. Gray, No. 22-11963, 2023 WL 1836789, at *2 (11th Cir. Feb. 9, 2023) ("A district court has no inherent authority to modify a defendant's sentence and may do so 'only when authorized by a statute or rule.'") (quoting United States v. Puentes, 803 F.3d 597, 605–06 (11th Cir. 2015)).

Again, Thompson moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural requirements are met[5], the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Court of Appeals for the Eleventh Circuit has held that U.S.S.G. "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).

---

[5] Defendants may file a § 3582(c)(1)(A)(i) motion after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).  Thompson provides a copy of his Inmate Request to Staff, which was addressed to the Warden and dated January 16, 2023 (doc. 320-2). Thirty days lapsed before he filed his Motion (signed and dated February 27, 2023). Thus, Thompson appears to have met the procedural requirement. See United States v. Harris, 989 F.3d 908, 910-11 (11th Cir. 2021) (finding that the procedural requirements of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule).

The Policy Statement provides that upon motion under 18 U.S.C. § 3582(c)(1)(A)(i) the Court may reduce a term of imprisonment if it determines that the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, there are extraordinary and compelling reasons which warrant a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam).  Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

The Policy Statement lists four examples of extraordinary and compelling reasons under § 3582(c)(1)(A)(i).  Specifically, the "medical condition of the defendant" such as a terminal illness, or serious physical or medical condition, or serious functional or cognitive impairment, or age-related physical or mental health deterioration, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt. n.1(B).  Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. at cmt. n.1(C).

And last, any "other reason [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrase "other than" has been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, 996 F.3d at 248. And that the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'" United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (quoting United States v. Giron, 15 F.4th at 1343, 1347 (11th Cir. 2021)).

Because the Policy Statement allows other reasons as determined by the Director of the Bureau of Prisons, U.S.S.G. § 1B1.13 at cmt. n.1(D), the Court is constrained by the determinations of the Director. See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*. Review of Program Statement 5050.50 indicates that the Director has determined that certain medical conditions regardless of age, i.e., terminal medical conditions, or debilitating medical conditions which substantially diminish the inmate's ability to provide self-care in prison; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver for the inmate's minor children, or disabled spouse or registered partner, may, if conditions are met, constitute grounds for a reduction of sentence.

III. Analysis

9

Thompson again alleges that he has medical conditions which in combination with the presence of Covid 19 in the prison environment, place him at increased risk of serious illness or death should he contract Covid 19. U.S.S.G. § 1B1.13, cmt. n.1(D). Specifically, morbid obesity (a Body Mass Index greater than 40), unregulated hypertension, and hyperlipidemia. Thompson argues that while Covid 19 is present in Fort Dix, these medical conditions substantially diminish his ability to provide self-care in the prison environment. He also argues that the prison is not adequately controlling the spread of Covid 19 because staff will not comply with guidance from the Centers for Disease Control and Prevention. As a result, he asserts that the presence of Covid 19 has caused overly harsh and oppressive conditions of confinement.

Again, Thompson has failed to provide any medical evidence to support his argument that he has morbid obesity, unregulated hypertension, and hyperlipidemia. Moreover, the Covid 19 Public Health Emergency officially ended on May 11, 2023. https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html   Fort Dix is functioning at Level One precautions. The precaution level is determined by medical isolation rate, facility vaccination[6] rate for Covid 19, and community transmission rate. Level One is the lowest and least restrictive precaution level. At present, no inmates, out of approximately 3,900 inmates, have tested positive for Covid 19. No staff members have tested positive (last visited September 1, 2023). https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp ; https://www.bop.gov/locations/institutions/ftd/   The Court cannot consider whether these medical conditions in combination with the alleged presence of Covid 19 at Fort Dix create an extraordinary and compelling reason for compassionate release unless Thompson provides

---

[6] In his earlier motion, Thompson stated that he was fully vaccinated, but he had Covid-19 twice and experienced severe symptoms. There are no medical records to support this allegation.

evidence to support his alleged diagnoses and provides evidence that there is an outbreak of Covid 19 at Fort Dix which is not adequately controlled by the prison staff.

Thompson also argues that he should be released to care for his elderly and ill father and co-defendant Calvin Smith and to care for his sister who had a stroke in 2020. A reduction of sentence for this reason would not be consistent with the Policy Statement. Note 1(C)(i) in the Policy Statement states that certain family circumstance may provide extraordinary and compelling reasons for compassionate release. Specifically, the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C)(i). But the Policy Statement does not include the illness or disability of the defendant's parents or siblings. Thus, Thompson has failed to show an extraordinary and compelling reason for a reduction of sentence that is consistent with the applicable Policy Statement.

IV. Conclusion

Thompson's failure to show an extraordinary and compelling reason for compassionate release forecloses a sentence reduction. United States v. Tinker, 14 F. 4th at 1238. Accordingly, for the reasons set forth herein, Thompson's motion is DENIED.

**DONE** and **ORDERED** this the 5th day of September 2023.

        s/ Kristi K. DuBose
       **KRISTI K. DuBOSE**
       **UNITED STATES DISTRICT JUDGE**